UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10667 FMO (SKx) | Date | January 12, 2024 |
|---|---|---|---|
| Title | Danielle Capodieci v. Stratosphere Holdings, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

On December 20, 2023, Danielle Capodieci ("plaintiff") filed this action against Stratosphere Holdings, LLC ("Stratosphere"), Stratusgreen, LLC ("Stratusgreen"), Serenity Deals, LLC ("Serenity") (collectively "corporate defendants"), and individual defendant Josh Green ("Green"). (Dkt. 1, Complaint). Plaintiff alleges various contract and California employment-law claims. (See id. at 1). Federal subject matter jurisdiction over these purely state law claims is premised on the parties' alleged diversity of citizenship. (Id. at ¶ 1).

When, as here, federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (The "general-diversity statute . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

The court is skeptical that plaintiff has met her burden and alleged a basis for the court's subject matter jurisdiction. This is because plaintiff has not plead sufficient allegations for the court to determine the corporate defendants' citizenship. Defendants Stratosphere, Stratusgreen, and Serenity, as limited liability companies, are "citizen[s] of every state of which [their] owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). Here, plaintiff alleges that each corporate defendant is "organized and exist[s] under the laws of Delaware," and has a "principal place of business" in Norman, Oklahoma. (See Dkt. 1, Complaint at ¶¶ 5-7). However, "[a]n LLC's principal place of business [or] state of organization is irrelevant to [the citizenship] analysis." See Buschman v. Anesthesia Bus. Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-10667 FMO (SKx) | Date | **January 12, 2024** |
|---|---|---|---|
| Title | **Danielle Capodieci v. Stratosphere Holdings, LLC, et al.** | | |

for purposes of diversity jurisdiction."). And while plaintiff alleges that Green is the "Founder and Chief Executive Officer" of each corporate defendant, (see Dkt. 1, Complaint at ¶ 8), that does not establish that he is an owner or member of each entity. Nor does plaintiff plead "whether other individuals or entities are also members of certain [entity defendants]," and so the court cannot determine if there is complete diversity of the parties. See Golden W. Wings LLC v. ShiftPixy, Inc., 2023 WL 2627734, *1 (C.D. Cal. 2023) (plaintiffs "insufficiently plead[ed] complete diversity of the parties" when they failed to plead all members of LLCs named in their complaint).

Based on the foregoing, IT IS ORDERED THAT plaintiff shall file a First Amended Complaint addressing the deficiencies noted above no later than **January 19, 2024**. Failure to file a First Amended Complaint by the deadline set forth above shall be deemed as consent to the dismissal of the action without prejudice for lack of jurisdiction and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |